**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                            IN THE UNITED STATES DISTRICT COURT
9                         FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   C.T.,                                              No. C06-05748 MJJ
12              Plaintiff,                              **ORDER RE PLAINTIFF'S EX PARTE MOTION FOR A TRO**
13      v.
14   LOS ALTOS SCHOOL DISTRICT,
     CALIFORNIA OFFICE OF HEARINGS ET AL,
15
                Defendant.
16                                                  /
17
        Pending before the Court is Plaintiff's Ex Parte Motion for a Temporary Restraining Order to
18
   Enjoin Defendants from Proceeding with an Administrative Hearing on September 26, 2006 through
19
   September 29, 2006 (Doc. #8). Defendant Los Altos Elementary School District has filed an Opposition
20
   (Doc. #16). For the following reasons, the Court **DENIES** Plaintiff's Motion.
21
   I.      Overview
22
        Plaintiff is an eleven-year-old child with autism disorder who has been diagnosed with mental
23
   retardation. (Mot. at 2.) Plaintiff resides within the education jurisdiction of the Los Altos School
24
   District, and is eligible for special education services under the federal Individuals with Disabilities
25
   Education Act ("IDEA"). (*Id*.) The facts pertinent to the instant Motion are summarized as follows.
26
        In June 2005, Plaintiff filed for an administrative due process hearing under the IDEA with the
27
   California Special Education Hearing Office. (*Id*.) Plaintiff alleged that he had been denied a free
28
   appropriate public education ("FAPE") under the IDEA because certain services that he received from
   an agency known as "I Can Too!" were inadequate. (*Id*.) Specifically, Plaintiff asserted that I Can Too!

used aversive behavior techniques and failed to implement Plaintiff's Individualized Education Plan with respect to social skills, training, functional communication, behavior management. (*Id.*) Plaintiff alleged that the District, as the responsible education agency, failed to provide adequate oversight, supervision, and monitoring of its contracts, I Can Too!. (*Id.*) According to Plaintiff, the administrative hearing request alleged that the failure to provide a FAPE occurred during the extended school year 2002, the 2002-03 school year, the extended school year for 2003, the 2003-04 school year, and the extended school year for 2004. (*Id.* at 2-3.)

Before Plaintiff filed the administrative hearing request, Plaintiff and the District had been involved in another IDEA administrative due process case concerning whether the District had failed to provide Plaintiff a FAPE in prior years. (*Id.* at 3.) On August 8, 2003, the parties executed a settlement agreement in that matter containing a release, which provided:

> Parties agree to waive any and all special education, including financial, issues and claims to date with the exception of the IEP process for the 2003-2004 school year, concerning District's provision of free appropriate public education pursuant to Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act of 1973, and any claims for damages for failure of free appropriate public education under the IDEA.

(*Id.*)

With respect to Plaintiff's claims in the June 2005 due process hearing regarding I Can Too!, the California Office of Administrative Hearings ("OAH") set the matter for hearing on September 26 through 29, 2006. (*Id.*) On August 31, 2006, the District filed a Motion to Dismiss Plaintiff's claims relating to the extended school year 2002 through the 2002-03 school year and the extended school year 2003 through August 8, 2003. (*Id.*) According to Plaintiff, Defendant argued that, pursuant to the release in the August 8, 2003 settlement agreement, Plaintiff had waived all known and unknown claims prior to August 8, 2003. Plaintiff opposed the Motion to Dismiss, arguing that because the settlement agreement did not waive unknown claims and did not contain a waiver of unknown claims under California Civil Code § 1542, the release did not preclude Plaintiff from asserting claims based on services he received "dating from summer of 2002 through the summer of 2003 through August 8, 2003." (*Id.* at 4.) Particularly, Plaintiff's parent filed a declaration stating that "the family was unaware of the special education claims in the implementation of the 'I Can Too!' program until after August 8,

2003 and when they were already well into the 2003-2004 school year." (*Id.*)

On September 15, 2006, the OAH issued an order granting Defendant's Motion to Dismiss. Specifically, the administrative law judge ("ALJ") found that "the specific language in the Agreement constitutes a waiver of all Petitioner's special education claims against the District that occurred on or before August 8, 2003 in exchange [sic] the terms set forth in the Agreement." (Varma Decl., ex. 5.)

On September 19, 2006, Plaintiff filed this instant lawsuit appealing the ALJ's ruling on Defendant's Motion to Dismiss. Concurrently, filed the instant Motion for a TRO seeking to enjoin the administrative hearing before the OAH until this case is resolved. On September 22, 2006, Plaintiff's lawsuit and Motion were assigned to this Court.

## II. Legal Standard

To prevail on a motion for a temporary restraining order, Plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to Plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring Plaintiff, and (4) advancement of the public interest (in certain cases). *See Rodde v. Bonta*, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, the Court may grant injunctive relief if the plaintiff merely "demonstrate[s] . . . a combination of probable success on the merits and the possibility of irreparable injury." *Id.*

## III. Discussion

As detailed above, Plaintiff seeks to enjoin the OAH and the District from proceeding with an administrative hearing on the remaining claims in Plaintiff's pending due process complaint until Plaintiff obtains a ruling on the appeal from the ALJ's ruling presented in this case. As Plaintiff explains:

> As it stands now [P]laintiff would have to move forward with a partial claim against the District on September 26, 2006. The remaining claims are foundationally based in the time period and the claims that were dismissed pursuant to the September 15, 2006 order. Without these foundational claims, [P]laintiff's case would be seriously jeopardized. If [P]laintiff were to wait to appeal the dismissal until after the September 26, 2006 hearing and he [was] successful, the parties would then have to go back to OAH to have another administrative hearing on the claims that were dismissed. Therefore, [P]laintiff moves for the instant Temporary Restraining Order to enjoin the hearing set for September 26, 2006 from proceeding until this [C]ourt has had an opportunity to consider this appeal.

(Mot. at 4-5.) Thus, according to Plaintiff, allowing the underlying administrative hearing to proceed

1 without affording him an appeal to this Court of the dismissal would result in irreparable harm and
2 subject the parties to multiple lawsuits.

3 The District opposes Plaintiff's Motion. First, the District contends that Plaintiff's Complaint
4 seeks to appeal an interlocutory order relating to certain issues in a pending due process hearing. The
5 District asserts that 20 U.S.C. § 1415(i)(2)(A), which Plaintiff cites as conferring jurisdiction in this
6 matter, does not confer jurisdiction in such a situation. Rather, the District contends that Plaintiff must
7 await until the due process hearing concludes and all issues are resolved before he can avail himself of
8 the statutory appeal process. Alternatively, the District contends that, even assuming jurisdiction exists,
9 Plaintiff has failed to establish the elements necessary to secure a TRO.

10 The Court has considered the parties' competing arguments, and agrees with the District that
11 Plaintiff has failed to adequately demonstrate the requisite elements for a TRO.

12 The Court first looks at Plaintiff's probability of success on the merits. Plaintiff argues that the
13 ALJ incorrectly determined that the release in the settlement agreement was a special release, rather than
14 a general release. Particularly, Plaintiff argues that the ALJ misapplied *Larsen v. Johannes*, 7 Cal. App.
15 3d 491, 504-505 (Cal. Ct. App. 1970), and attempts to distinguish the release at issue in that case from
16 the release in the settlement agreement at issue here. The District, however, maintains that the ALJ
17 correctly found that the provision in the settlement agreement is a special release. Even presuming that
18 Plaintiff can show a likelihood of succeeding on his claim, Plaintiff cannot demonstrate the other
19 requisite elements to justify issuance of a TRO.

20 To succeed on his Motion, Plaintiff must demonstrate that he will suffer irreparable harm in the
21 absence of injunctive relief. Reviewing Plaintiff's Motion, he has failed to make this showing. Plaintiff
22 contends that without the TRO, he will be required to prosecute his remaining claims in the due process
23 hearing set for September 26 through 29, and *should this Court reverse the ALJ's ruling on Defendant's*
24 *Motion to Dismiss*, would then have to return to the OAH to litigate the previously-dismissed claims.
25 While this hypothetical scenario would extend resolution of Plaintiff's FAPE challenges, Plaintiff has
26 failed to articulate what irreparable harm he would suffer as a result. Notably, the claims that the ALJ
27 dismissed concern educational programs in place prior to August 2003; the claims do not concern
28 present or prospective education plans that will affect Plaintiff in the immediate future or jeopardize his

4

1  immediate education. Accordingly, the Court finds no evidence of impeding irreparable injury should
2  the Court deny Plaintiff's Motion.
3      Examining the balance of hardships, as Defendant correctly notes, even accepting Plaintiff's
4  argument that allowing the hearing to proceed as scheduled creates the possibility of bifurcated litigation
5  of Plaintiff's claims, this potential scenario affects both parties equally.
6      With respect to the public interest component, Plaintiff argues that adjudicating all related claims
7  together in one lawsuit rather than in piecemeal fashion promotes judicial economy, preserves resources,
8  and prevents multiple lawsuits and inconsistent decisions. Thus, Plaintiff asserts that public policy
9  favors granting the TRO. The Court is unpersuaded by Plaintiff's argument. Although Plaintiff claims
10 that enjoining the pending due process proceeding to allow him an opportunity to appeal the ALJ's
11 ruling promotes judicial economy, Plaintiff overlooks the fact that enjoining the proceeding also delays
12 resolution of the remaining claims and allows a plaintiff to forestall the hearing process to take up
13 appeals of isolated, potentially peripheral rulings adverse to the plaintiff. Furthermore, as Defendant
14 points out, it is questionable whether 20 U.S.C. § 1415(i)(2)(A) of the IDEA contemplates appeals from
15 interlocutory orders, such as the one Plaintiff is bringing in this case. Accordingly, the Court finds that
16 the public interest favors allowing the hearing process to proceed and the ALJ to resolve the remaining
17 claims, rather than staying the action to allow Plaintiff to appeal certain issues that have previously been
18 determined.
19     Taking the foregoing factors into consideration, the Court finds that Plaintiff has failed to
20 adequately show that he is entitled to a TRO in this case. Even assuming Plaintiff has presented a
21 colorable argument in his appeal from the ALJ's ruling on Defendant's Motion to Dismiss, he has failed
22 to demonstrate that he faces a risk of irreparable harm if the Court declines to enjoin the pending
23 administrative hearing. Further, the balance of hardships does not tip in Plaintiff's favor, and the public
24 interest militates in favor of allowing the ALJ to resolve all of the claims presented by Plaintiff's
25 complaint, rather than allow sporadic appeals of preliminary rulings in the administrative process.
26 Consequently, the Court holds that Plaintiff has failed to meet his burden of demonstrating that a TRO
27 is appropriate in this case.
28

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order (Doc. #8).

**IT IS SO ORDERED.**

Dated: 9/25/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE