VARMA & CLANCY
Attorneys at Law
Geralyn M. Clancy (SBN 173401)
Bob N. Varma (SBN 173508)
4354 Town Center Boulevard, Ste. 114 PMB 17
El Dorado Hills, California 95762
tel. (916) 941-4912
fax (916) 941-4972
email: bvarma@varmaclancy.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.T., A minor, By and Through L.T., His Guardian ad Litem,<br><br>            Plaintiff,<br><br>v.<br><br>LOS ALTOS SCHOOL DISTRICT, CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS, and CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>            Defendants.<br>_____/ | CASE NO.: C06-05748 MJJ<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)<br><br><br>Date:   November 21, 2006<br>Time:   9:30 a.m.<br>Crtrm:  11<br><br>Hon. Martin J. Jenkins |

INTRODUCTION

Plaintiff C.T., a minor, by and through his guardian ad litem, L.T. ("CT") presents the following memorandum of points and authorities in opposition to Defendant Los Altos School District's ("District") motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(1).

STATEMENT OF RELEVANT FACTS

This matter concerns an original action brought by CT as an individual aggrieved by a final order or final decision rendered through the administrative hearing process by the California Office of Administrative Hearings, Special Education Division ("OAH"), under the Individual with Disabilities Education Act. (20 U.S.C. § 1415(i)(2)(A).) On June 30, 2005, plaintiff filed a request

C.T. v. LOS ALTOS SCHOOL DIST. et al.; Case No. C06-05748 MJJ
Plaintiff's Points and Authorities in Opposition to
Defendant Los Altos School District's Motion to Dismiss
Pursuant to FRCP 12(b)(1)                                                                                                  Page 1 of 6

for a due process hearing, challenging certain aspects of the educational program provided to plaintiff by the District through a non-public agency. That case was assigned the case title and number of <u>C. T. v. Los Altos Elementary School District</u>, OAH Case No. N2005070166. The administrative case raised issues specific to the provision of special education services to CT during the summer or extended school year of 2002, the 2002-2003 school year, the extended school year of 2003, the 2003-2004 school year, and the extended school year of 2004.

On August 31, 2006 the District filed a motion to dismiss CT's claims for the extended school year of 2002, the 2002-2003 school year and the extended school year of 2003 through August 8, 2003. On September 15, 2006, after CT had opportunity to oppose the motion, OAH issued a written order dismissing the claims subject to the motion. (Ex. A to Decl. of Levin filed with the moving papers.)

On September 19, 2006, CT filed the instant civil action as an aggrieved party, seeking to set aside the dismissal order of the Hearing Officer, pursuant to the IDEA. (20 U.S.C. § 1415(i)(2)(A).)

On October 17, 2006, through October 20, 2006, the remainder of the administrative hearing proceeded to an evidentiary hearing. (Decl. of Varma p.1:23.) The matter is set for two more days of hearing on November 2, 2006 and November 3, 2006. (Decl. of Varma p. 1:24-25.)

It is important to note that in the current administrative proceedings the parties have been instructed to limit their case presentation to the time period after August 8, 2003. (Decl. of Varma p. 1:26-2:1.) At the start of the hearing on October 17, 2006, the Hearing Officer reviewed the pre-hearing conference order and identified that the hearing would only focus upon claims of appropriate educational services from August 8, 2003 through the extended school year period of 2004. (Decl. of Varma p. 2:2-6.)

While questions have been asked of witnesses and evidence provided in the hearing of time periods prior to August 8, 2003, they are only for a historical perspective. The Hearing Officer has made is very clear that the decision will not cover any issues regarding the appropriateness of services provided to CT prior to August 8, 2003. (Decl. of Varma p. 2:7-11.) Therefore, none of the claims before this court are currently being litigated in the administrative forum.

C.T. v. LOS ALTOS SCHOOL DIST. et al.; Case No. C06-05748 MJJ
Plaintiff's Points and Authorities in Opposition to
Defendant Los Altos School District's Motion to Dismiss
Pursuant to FRCP 12(b)(1)                                      Page 2 of 6

1  Defendant District now moves to dismiss the instant action on the grounds that the action is an appeal of an "interlocutory order" and, therefore, this court lacks jurisdiction as the IDEA does not allow for such an action.

## LEGAL ARGUMENT

### I. This is an Original Action Under the IDEA

Defendant is incorrect when it argues that the September 15, 2006 order of the Hearing Officer is an interlocutory order and as such is not a final decision, appealable under the IDEA. (20 U.S.C. 1415(i)(2)(A).) An "interlocutory order" or an "interlocutory decision" is one that is rendered during the legal action, prior to a final decision. (Black's Law Dictionary.) It is not a permanent order on the issues being litigated in that case, as the parties will continue with further litigation of the issues until a trial or other decision is rendered. This case deals with a permanent order.

A "final decision" is one "which leaves nothing open to further dispute and which sets at rest cause of action between the parties." (Black's Law Dictionary.) A "dismissal" is an order "finally disposing of an action, suit, motion, etc., without trial of the issues involved." (Black's Law Dictionary.) Once again, this case deals with a permanent order that is a final decision dismissing claims prior to August 8, 2003. As discussed below, the finality of that dismissal grants plaintiff the right to bring the instant civil action under the IDEA. (20 U.S.C. § 1415(i)(2)(A).)

This civil action concerns an order that dismissed and put at rest all causes of action between the parties with respect to the time period of the extended school year of 2002 through the extended school year of 2003. The administrative process with respect to the time period at issue in this case has concluded. As noted above, the current hearing and the resulting decision will not provide any findings upon claims prior to August 8, 2003. The current administrative proceedings will result in a decision that will have no impact regarding the dismissal of claims prior to August 8, 2003. As such, the September 15, 2006 order is a final decision.

While the September 15, 2006 order does not use the words "Final Decision" or "Decision," it nonetheless renders a conclusion to the administrative proceedings concerning claims or causes

C.T. v. LOS ALTOS SCHOOL DIST. et al.; Case No. C06-05748 MJJ
Plaintiff's Points and Authorities in Opposition to
Defendant Los Altos School District's Motion to Dismiss
Pursuant to FRCP 12(b)(1)                                Page 3 of 6

of action from the extended school year of 2002 through August 8, 2003. The administrative litigation is over. Any and all further relief that CT may seek regarding the dismissal lies with this court.

## II. The IDEA Grants the Right to an Independent Civil Action

The IDEA grants a party the right to bring an original civil action when that party is aggrieved by the "findings and decision" of the administrative hearing process. (20 U.S.C. § 1415(i)(2)(A).) The corresponding regulations also state that a party has the right to bring an original action with the district court once aggrieved by the "findings and decision." (34 C.F.R. § 300.512(a).) The regulations go on to vest jurisdiction in the district court. (34 C.F.R. § 300.512(c).)

Contrary to the assertion of the District nothing in the statutes, regulations or decisions identify an aggrieved plaintiff as one who has been aggrieved "by the decision of the due process system as a whole." (Motion Points & Authorities p. 4:17-19.) The only case cited by the District is not on point. The case concerns an issue of attorney's fees after the family availed themselves of a state compliance system under the IDEA rather than the administrative hearing process under the IDEA. (*Lucht v. Mollala River Sch. Dist.*, (9th Cir. 2000) 225 F.3d 1023, 1024-1025.) The case provides no guidance as to when an administrative process is considered to be concluded such that a civil action may be brought.

There is persuasive authority within this court regarding when an IDEA matter may be considered to have undergone the administrative process and reached a conclusion on the issues brought by a party. In *Omid A. v. Dublin Unified School District*, the court was faced with a civil action seeking determination of prevailing party status. (*Omid. A. v. Dublin Unified Sch. Dist.*, (ND CA 2003) 104 LRP 43027.) A copy of the decision is attached as Exhibit 1 to the declaration of plaintiff's counsel. The relevant facts of the case were that the parent filed a request for due process and on the first day of hearing the school district conceded liability. The hearing officer issued a ruling that because no issues had been heard or decided there was no prevailing party. (Omid A., Exhibit 1, at 5.)

C.T. v. LOS ALTOS SCHOOL DIST. et al.; Case No. C06-05748 MJJ
Plaintiff's Points and Authorities in Opposition to
Defendant Los Altos School District's Motion to Dismiss
Pursuant to FRCP 12(b)(1)                                                                                   Page 4 of 6

1    The student's parents, in *Omid. A.* filed a civil action seeking to overturn that ruling on the
2    basis that the student prevailed on the issues subject to the concession and was, therefore, entitled
3    to prevailing party status and reasonable attorney fees. The court conducted a thorough legal analysis
4    and rejected the school district's argument that, because no evidence was heard, then the issues were
5    not heard by the hearing officer. (Id., Exhibit 1, at 6.) The court held that the hearing officer heard
6    the concession and that all of the issues were decided in that she decided the outcome of the hearing.
7    (Id., Exhibit 1, at 6.)

8    The important point of *Omid A.* is that if the logic of the school district were followed the
9    case would have been deemed to be one that never resulted in a final conclusion of the administrative
10   hearing process because no issue was heard and decided.  Similarly in our case if the logic of the
11   District is followed, then any disposition of an administrative proceeding through motion work, such
12   as in this case, would not be subject to a federal court action because the parties never went through
13   an actual evidentiary administrative hearing resulting in a "findings and decision" as argued by the
14   District.

15   The more logical analysis is that when there is finality as to a cause of action then the matter
16   is ripe for proceedings before this court.  CT's claims for a denial of appropriate educational
17   placement and services from the extended school year of 2002 through August 8, 2003, stand on
18   their own regardless of the outcome of the currently continuing administrative hearing on the issues
19   after August 8, 2003.  Because the currently proceeding administrative hearing will not make any
20   findings or render any decision regarding the pre-August 8, 2003 time period, CT's claims in the
21   instant case have achieved finality of adjudication at the administrative level as required by the
22   IDEA. His statutory limitation of time to bring "**the action**" challenging the order or decision within
23   ninety (90) days could be argued to have begun from September 15, 2006.  (20 U.S.C. §
24   1415(i)(2)(B), *specifically calling it an "action" rather than an appeal*.)

25   There is no guarantee that the currently continuing administrative hearing will end or that a
26   decision will be rendered within ninety days of September 15, 2006, which is December 14, 2006.
27   If this action is dismissed and CT files a civil action that contests the ruling of September 15, 2006,

28   C.T. v. LOS ALTOS SCHOOL DIST. et al.; Case No. C06-05748 MJJ
     Plaintiff's Points and Authorities in Opposition to
     Defendant Los Altos School District's Motion to Dismiss
     Pursuant to FRCP 12(b)(1)                                                          Page 5 of 6

1 after the date of December 14, 2006, defendants would raise the statute of limitations as a bar to the
2 action. That is why the viability of this action must be measured by the finality of the administrative
3 proceedings rather than by whether the document concluding the litigation is titled "final decision."

## CONCLUSION

The order of September 15, 2006 rendered a final written decision concerning issues prior to August 8, 2006. As such the order is a final decision and concludes all administrative proceedings between the parties as to those causes of action. The IDEA grants a party the right to bring a civil action upon the conclusion of the administrative process. This action clearly falls within the framework set out by the IDEA and within the procedural rights ensured to CT by the IDEA. Therefore, the motion to dismiss should be denied in its entirety.

                                                                                     VARMA & CLANCY
                                                                                      Attorneys at Law

Attorneys for Plaintiff C.T.

Dated: October 31, 2006                      By:     /s/
                                                                                  Bob N. Varma

C.T. v. LOS ALTOS SCHOOL DIST. et al.; Case No. C06-05748 MJJ
Plaintiff's Points and Authorities in Opposition to
Defendant Los Altos School District's Motion to Dismiss
Pursuant to FRCP 12(b)(1)                                                 Page 6 of 6